UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAMONE LAUDERDALE, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 1:17-cv-02168-TWP-DML |
| ERIC DUNCAN, NEIL PROPST, | ) ) ) ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

The claims in this case were severed from the claims in *Lauderdale v. Russell, et. al*, 1:16-cv-2684-TWP-TAB. These are plaintiff Lamone Lauderdale's claims that he was denied adequate medical treatment while he was housed at the Marion County Jail II.

Because Lauderdale was a "prisoner" as defined by 28 U.S.C. § 1915(h), when this case was filed, the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings

drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Lauderdale alleges that in August of 2015, he was injured in an altercation with guards at the Marion County Jail. He was thereafter transferred to the Marion County Jail II where he alleges that defendants Doctor Neil Propst and Nurse Eric Duncan failed to adequately treat his injuries. Lauderdale's claim **shall proceed** as a claim that these defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. If Lauderdale believes he has asserted a claim that is not addressed in this Entry, he shall have **through September 15, 2017**, to notify the Court.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Propst and Duncan in the manner specified by Rule 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 8/25/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lamone Lauderdale
2227 Southeastern Ave.
Indianapolis, IN 46201

Eric Duncan
Medical Employee
Marion County Jail II
730 E. Washington St.
Indianapolis, IN 46204

Neil Propst
Medical Employee
Marion County Jail II
730 E. Washington St.
Indianapolis, IN 46204